# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. _____ |
| | : | |
| Plaintiff, | : | JUDGE _____ |
| | : | |
| v. | : | INFORMATION 2:19 cr 82 |
| | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1956(h)  [Judge Marbley] |
| JASON E. ADKINS, | : | 18 U.S.C. § 1957 |
| | : | 26 U.S.C. § 7201 |
| Defendant. | : | |
| | : | FORFEITURE |

2019 APR -3 AM 10: 26

**THE UNITED STATES ATTORNEY CHARGES THAT:**

## INTRODUCTION

At all times relevant to this Information:

1. The defendant, **JASON E. ADKINS** ("**ADKINS**"), resided in Jackson County, Ohio, within the Southern District of Ohio.

2. Since at least on or about January 6, 2012, **ADKINS**, through and including on or about March 1, 2018, owned and operated various Ohio- and Delaware-based commercial tire companies, namely Landash Corporation and Midwest Coal, LLC (his "businesses"), allegedly specializing in the business of buying and selling off-the-road ("OTR") tires commonly used on enormous earth-moving and mining equipment throughout the world.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.

## COUNTS 1–3
## (Wire Fraud)

4. The factual allegations contained in Paragraphs 1 through 3 of the Introduction to this Information are realleged and incorporated herein.

5. From on or about January 6, 2012, continuing through and including on or about March 1, 2018, **ADKINS**, through his businesses, intended to devise and did devise a scheme to defraud investors, including, but not limited to, various financial lenders, as well as individuals such as "B.H" and "J.S." (collectively referred to hereinafter as "clients"), and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit: the defendant, along with other known individuals, devised a scheme to defraud his clients by soliciting millions of dollars in an investment scheme under false pretenses, failed to invest such funds as promised, and misappropriated and converted clients' funds for his own benefit and the benefit of others.

*Manner and Means*

6. Part of the scheme to defraud devised by the defendant, and others, was an effort to secure investment and loan money by portraying to others that he was in the business of buying and selling OTR tires. **ADKINS**, and others, fraudulently sold his clients on the premise that funds would be used to purchase specially sourced OTR tires at a steep discount, and that the tires would then be re-sold to a buyer secured by **ADKINS**, and others, at a much higher rate, thus purportedly yielding a large profit on their investment.

7. It was further part of the scheme to defraud that **ADKINS**, and others, would draft contracts for the clients outlining the fraudulent scheme and promising a high rate of return, in a short amount of time, on their investments and loans. For example, **ADKINS**, and others, would usually promise a return of principal and interest within 180 days.

2

8. It was further part of the scheme to defraud that **ADKINS**, and others, met the clients face-to-face and through a combination of phone calls, text messages, and, on occasion, e-mails. During such communications, investment funds and loans were solicited by **ADKINS**, and others, by requesting large amounts of money, most through wire transfers. As part of the scheme, **ADKINS**, and others, typically requested that money be sent directly to him or to other entities **ADKINS** owned or operated, or to which **ADKINS**, and others, had access.

9. It was further part of the scheme to defraud that **ADKINS** provided investment clients with false documents—such as false tax returns or false text messages—all to induce fraudulent investments and to delay promised payments.

10. It was further part of the scheme to defraud that **ADKINS** used flamboyant travel, like the use of private planes, to showcase tire inventory and a fraudulent lifestyle in order to lure investors.

11. It was further part of the scheme to defraud that **ADKINS** transferred some of the funds received from his clients to bank accounts available to, or opened, controlled, or maintained by **ADKINS**. This included the use of third-party entities, in consort with **ADKINS**, and others, to make it appear that the transactions were legitimate.

*Execution of the Scheme*

12. On or about each of the dates set forth below, in the Southern District of Ohio, the defendant, **JASON E. ADKINS**, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count as follows:

3

| COUNT | APPROXIMATE DATE | WIRE TRANSACTION |
|---|---|---|
| 1 | 01/06/2012 | Wire transfer, in foreign commerce, in the amount of $342,175, from an Australian bank account in the name of Westpac Banking Corporation, into a JP Morgan Chase Bank account number ending in 1023 held in the name of Triple A Services, LLC, an account opened, maintained, or controlled by **ADKINS**. |
| 2 | 03/31/2016 | Wire transfer, in interstate commerce, in the amount of $698,506.70 from a Merrill Lynch account number ending in 4705 in the name of J.S., into a Bank of America account number ending in 1557 held in the name of Landash Corporation, an account opened, maintained, or controlled by **ADKINS**. |
| 3 | 05/05/2016 | Negotiation of PNC Bank check number 3051, in interstate commerce, in the amount of $70,000, from B.H., and deposited into a Bank of America account number ending in 1557 held in the name of Landash Corporation, an account opened, maintained, or controlled by **ADKINS**. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 4–6
### (Money Laundering Conspiracy)

13. The factual allegations contained in Paragraphs 1 through of 12 this Information are realleged and incorporated herein as if copied verbatim.

14. On or about the dates set forth below, in the Southern District of Ohio, and elsewhere, the defendant, **JASON E. ADKINS**, did knowingly engage and attempt to engage in a money laundering conspiracy to conceal money received, and to profit from money received, as part of the scheme to defraud, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, each transmission constituting a separate count as follows:

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|---|---|---|
| 4 | 01/19/2012 | Wire transfer, in interstate commerce, in the amount of 100,000 from a JP Morgan Chase account number ending in 1023 held in the name of Triple A Services, LLC, an account opened, maintained, or controlled by **ADKINS**, into a Woodforest National Bank account number ending in 0508 held in the name of Volo Bello Management, an account opened, maintained, or controlled by an **ADKINS** co-conspirator. |
| 5 | 02/08/2013 | Wire transfer, in interstate commerce, in the amount of $100,000 from a Huntington National Bank account number ending in 7966 held in the name of Midwest Coal, LLC, an account opened, maintained, or controlled by **ADKINS**, to a JP Morgan Chase account number ending in 8231 held in the name of Apex Equipment, LLC, an account opened, maintained, or controlled by **ADKINS** and an **ADKINS** co-conspirator. |
| 6 | 10/14/2015 | Wire transfer, in interstate commerce, in the amount of $413,000 from a JP Morgan Chase account number ending in 0906 held in the name of an **ADKINS** co-conspirator, to a Bank of America account number ending in 1557 held in the name of Landash Corporation, an account opened, maintained, or controlled by **ADKINS**. |

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 7–9
### (Money Laundering)

15. The factual allegations contained in Paragraphs 1 through 12 of this Information are realleged and incorporated herein as if copied verbatim.

16. On or about the dates set forth below, in the Southern District of Ohio, and elsewhere, the defendant, **JASON E. ADKINS**, did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monies and deposit of monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, each transmission constituting a separate count as follows:

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|---|---|---|
| 7 | 11/07/2013 | Wire transfer, in interstate commerce, in the amount of $22,000 from a Huntington National Bank account number ending 7966 held in the name of Midwest Coal, LLC, an account opened, maintained, or controlled by **ADKINS**, to an Ohio Valley Bank Co. account number ending in 2451 held in the name of an **ADKINS** family member. |
| 8 | 03/02/2015 | Negotiation of check number 1063, in interstate commerce, in the amount of $15,000 from a Bank of America account held in the name of Landash Corporation, an account opened, maintained, or controlled by **ADKINS**, and payment to Rocchi's Pools for construction related to **ADKINS'** personal residence. |
| 9 | 08/29/2016 | Wire transfer, in interstate commerce, in the amount of $20,381 from a Bank of America account number ending in 1557 held in the name of Landash Corporation, an account opened, maintained, or controlled by **ADKINS**, to CJ Aviation, LLC toward the lease of a private jet for **ADKINS'** personal benefit and in furtherance of the scheme. |

All in violation of Title 18, United States Code, Section 1957.

## COUNT 10
## (Tax Evasion)

17. The factual allegations contained in Paragraphs 1 through 3 of the Introduction Section of this Information are realleged and incorporated herein as if copied verbatim.

18. During the calendar year of 2013, the defendant, **JASON E. ADKINS**, a resident of Jackson County, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.

19. During the calendar year of 2013, **ADKINS** took at least one affirmative act constituting an attempt to evade or defeat a tax or the payment thereof.

20. Knowing the foregoing facts as alleged in Paragraphs 1 through 16, and failing to make an income tax return on or before April 15, 2014, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, **ADKINS**, in the Southern District of Ohio, and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year of 2013.

All in violation of Title 26, United States Code, Section 7201.

## FORFEITURE ALLEGATION

21. The allegations of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

22. Upon conviction of any of the offenses alleged in Counts 1 through 3 of this Indictment in violation of 18 U.S.C. § 1343, Wire Fraud, the defendant, **JASON E. ADKINS**, shall forfeit to the United States, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of such offenses.

23. **Substitute Assets:** If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

—it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

Forfeiture pursuant to: Title 18, United States Code, Section § 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

**BENJAMIN C. GLASSMAN**
**United States Attorney**

**DOUGLAS W. SQUIRES**
**DAVID M. DEVILLERS**
**S. COURTER SHIMEALL**
**Assistant U.S. Attorneys**